No. 434 May 14, 2025 545

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Brandy Lynn WEDIN,
aka Brandy Lynn Ballejos,
*Petitioner-Respondent,*

*v.*

Ernie VAN DE'R VAA'RTE YOUNG,
aka Ernie Young De Herrera Van De'r Vaa'rte,
*Respondent-Appellant.*

Jackson County Circuit Court
16DR21155; A179461

Charles G. Kochlacs, Judge.

Argued and submitted April 11, 2025.

Ernie Young De Herrera Van De'r Vaa'rte argued the cause and filed the brief *pro se.*

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Father appeals from supplemental judgments that modified the parenting time between himself and mother as to their child. Those judgments ultimately reduced father's parenting time with child from a 50/50 split with mother to a plan that gave father alternating weekends during the school year and provided that father and mother would each have two-week blocks of parenting time during each summer month. The trial court determined that it was in the best interests of the child to change the parenting time because the 50/50 plan had negatively impacted the child, "manifested by anxiety, school attendance and performance" and that mother's household and parenting are best suited for child during the school year.

Father assigns error to the various judgments that reduced his parenting time. He contends that the trial court erred in "using [its] own unqualified opinion, unsupported by evidence[,] to find [father] medically hypervigilant," "misusing [its] unqualified medical opinion" to suspend the 50/50 parenting time, and improperly reducing father's 50/50 parenting time during the school year by wrongly faulting father for child's medical absences from school. We have reviewed the trial court record, including the transcripts designated by father for this appeal. Based on that review, we conclude that the trial court did not err in any of the ways asserted by father.[1] As a result, we affirm.

Affirmed.

---

[1] Father contends that the trial court erred in assessing the record but alternatively asks that we engage in *de novo* review. This is not an exceptional case for which we would exercise our discretion to engage in such review. ORAP 5.40(8)(c).